IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
WELLS FARGO BANK, N.A.,        )
                               )
    Plaintiff,                 )
                               )     CIVIL ACTION NO.
    v.                         )      2:10cv984-MHT
                               )         (WO)
THORN CHILDCARE, LLC,          )
THORN REAL ESTATE, LLC,        )
and KIMBERLY RANEA THORN,      )
                               )
    Defendants.                )
```

OPINION

Plaintiff Wells Fargo Bank, N.A. filed this lawsuit against defendants Thorn Childcare, LLC, Thorn Real Estate, LLC, and Kimberly Ranea Thorn, asserting various state claims relating to the alleged failure to pay sums due pursuant to a promissory note.  Jurisdiction is proper pursuant to 28 U.S.C. § 1332 (diversity).  This matter is now before the court on the plaintiff's motion for default judgment against the defendants in the amount of $ 188,162.37, plus interest and costs.

The plaintiff perfected service of a summons and complaint on Kimberly Thorn on December 2, 2010, see Proof of Service (Doc. No. 5), and on Thorn Childcare and Thorn Real Estate on December 4, 2010. See Proof of Service (Doc. No. 6). It filed the instant motion for default judgment on April 22, 2011 (Doc. No. 13). Attached to the motion is the affidavit of Mary Jane Conley, a loan adjuster for the plaintiff. Conley Aff. ¶ 1 (Doc. No. 13-1). Conley states: "As of March 31, 2011, the total amount outstanding on the Note is $ 188,162.37, which consists of the $ 163,244.93 initial deficiency, accrued but unpaid interest in the amount of $ 4,623.04, and legal fees and expenses in the amount of $ 20,294.40." Id. ¶ 13.

On May 5, the court ordered that "defendants Thorn Childcare, LLC, Thorn Real Estate, LLC, and Kimberly Renae Thorn show cause, if any there be, in writing by May 19, 2011, as to why plaintiff Wells Fargo Bank, N.A.'s motion for default judgment should not be

2

granted." Order at 1 (Doc. No. 18) (internal citation omitted). The court "informed [them] that if they fail[ed] to respond within the time allowed, the court [would] grant the motion as well as the relief requested." Id.

The May 19 deadline has come and gone, but the defendants have yet to show cause why judgment should not be entered against them.

As detailed in the factual background provided above, the defendants were served with a copy of the summons and complaint; failed to respond to the summons and complaint within the time allowed; and failed to respond timely to an order of this court to show cause as to why final judgment should not be entered against them. Accordingly, this court is of the opinion that the plaintiff's motion for entry of default judgment should be granted and that judgment of default as to the amount requested should be entered against the defendants.

A judgment will be entered in accordance with this opinion.

DONE, this the 24th day of May, 2011.

    /s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**